# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| **NAVEED SIDDIQI**, ) | |
|     *Plaintiff*, ) | |
| vs. ) | |
| ) | Case No. 4:23-cv-814 |
| **GLOBUS MEDICAL NORTH AMERICA INC.**, ) | |
| **GLOBUS MEDICAL INC.**, ) | |
| **JAY MARTIN** (Globus INR President), ) | |
| **PAUL MIELE** (Globus INR Vice President), and ) | |
| **DANIEL POWELL** (Globus INR Zone Director) ) | |
|     *Defendants.* ) | |

## COMPLAINT

COMES NOW, Plaintiff Naveed Siddiqi, to allege the following for his *Complaint* against the defendants.

## JURY TRIAL DEMAND & DESIGNATION OF PLACE OF TRIAL

1. Plaintiff hereby demands a jury trial on all triable issues alleged herein and designates the Charles Evans Whittaker Courthouse in Kansas City, Missouri as the place of trial.

## NATURE OF THE CLAIMS

2. This case arises out of Plaintiff's employment with Defendants.

3. In violation of RSMo Chapter 213, the Missouri Human Rights Act ("MHRA"), 42 USC § 2000e, *et seq.* ("Title VII"), and/or 42 USC § 1981 ("Section 1981"), Defendants discriminated against Plaintiff based race, color, religion, and/or national origin.

4. In violation of the MHRA, Title VII, and/or Section 1981, Defendants retaliated against Plaintiff based on Plaintiff's opposition to discrimination.

5. In violation of RSMo §§ 407.911 – 407.915, Defendants Globus Medical North America Inc. and Globus Medical Inc. failed to pay Plaintiff all his earned sales commissions.

## THE PARTIES

6. **Plaintiff Naveed Siddiqi** is an adult Pakistani Muslim identifying as brown.

7. Plaintiff is a Missouri citizen.

8. From April 2021 to January 18, 2023, Plaintiff was employed by Defendants Globus Medical North America Inc. and Globus Medical Inc.

9. Defendants Globus Medical North America Inc. and Globus Medical Inc. hired, employed, and fired Plaintiff in Jackson County, Missouri.

10. Plaintiff is a "person" as defined by RSMo § 213.010(15) and 42 USC § 2000e(a) because Plaintiff is an individual.

11. Throughout Plaintiff's employment with Defendants Globus Medical North America Inc. and Globus Medical Inc., Plaintiff was their "employee" as defined by 42 USC § 2000e(f) because Plaintiff is an individual who was employed by Defendants Globus Medical North America Inc. and Globus Medical Inc.

12. **Defendant Globus Medical North America Inc.** is a corporation organized under Delaware law that maintains its principal office at 2560 General Armistead Avenue in Audubon, Pennsylvania.

13. Defendant Globus Medical North America Inc. is a citizen of Pennsylvania and Delaware.

14. Defendant Globus Medical North America Inc. is registered with the Missouri Secretary of State's office and is authorized to do business in Missouri.

15. Defendant Globus Medical North America Inc. conducts substantial, ongoing business in Missouri.

16. Defendant Globus Medical North America Inc. is a "person" as defined by RSMo § 213.010(15) and 42 § 2000e(a) because it is a corporation.

17. Defendant Globus Medical North America Inc. is a corporation engaged in an industry affecting commerce with six or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

18. Defendant Globus Medical North America Inc. employs six or more individuals in Missouri.

19. Defendant Globus Medical North America Inc. is an "employer" as defined by RSMo § 213.010(8) and 42 USC § 2000e(b).

20. **Defendant Globus Medical Inc.** is a corporation organized under Delaware law with its principal office located at 2560 General Armistead Avenue in Audubon, Pennsylvania.

21. Defendant Globus Medical Inc. is a citizen of Pennsylvania and Delaware.

22. Defendant Globus Medical Inc. is registered with the Missouri Secretary of State's office and is authorized to do business in Missouri.

23. Defendant Globus Medical Inc. conducts substantial, ongoing business in Missouri.

24. Defendant Globus Medical Inc. is a "person" as defined by RSMo § 213.010(15) and 42 § 2000e(a) because it is a corporation.

25. Defendant Globus Medical Inc. is a corporation engaged in an industry affecting commerce with six or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

26. Defendant Globus Medical Inc. employs six or more people in Missouri.

27. Defendant Globus Medical Inc. is an "employer" as defined by RSMo § 213.010(8) and 42 USC § 2000e(b).

28. Upon information and belief, **Defendant Jay Martin** ("Martin") is an adult citizen of Philadelphia.

29. Martin is a white, Christian male, whose nation of origin is the United States.

30. During Plaintiff's employment, Martin was employed by Defendants Globus Medical North America Inc. and Globus Medical Inc. as the President of Imaging Navigation and Robotics ("President, INR").

31. **Defendant Paul Miele** ("Miele") is an adult citizen of Massachusetts.

32. Miele is a white, Christian male, whose nation of origin is the United States.

33. During Plaintiff's employment, Miele was employed by Defendants Globus Medical North America Inc. and Globus Medical Inc. as the Vice President of Sales in the U.S. for the Imaging Navigation and Robotics division ("Vice President of US Sales, INR").

34. During Plaintiff's employment, Miele reported to Martin.

35. **Defendant Danielle Powell** ("Powell") is an adult citizen of Colorado.

36. During Plaintiff's employment, Powell was employed by Defendants Globus Medical North America Inc. and Globus Medical Inc. as a Zone Director.

37. During Plaintiff's employment, Powell reported to Miele.

38. Powell was Plaintiff's direct supervisor.

39. During Plaintiff's employment, Plaintiff reported to Powell, who reported to Miele, and who reported to Martin.

## SUBJECT MATTER JURISDICTION

40. This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 because Plaintiff alleges claims that arise under federal law.

41. This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.

## VENUE

42. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because a substantial part of the acts or omissions giving rise to Plaintiff's claims occurred in Jackson County, Missouri.

## PARTICULARS

43. Defendants Globus Medical North America Inc. and Globus Medical Inc. are the same entity, for all intents and purposes.

44. Defendants Globus Medical North America Inc. and Globus Medical Inc. share the same principal office at 2560 General Armistead Avenue in Audubon, Pennsylvania.

45. Defendants Globus Medical North America Inc. and Globus Medical Inc. do business under the name – "Globus Medical."

46. Defendant Globus Medical Inc. made a written offer of employment to Plaintiff.

47. After Defendant Globus Medical Inc. entered into a written agreement of employment with Plaintiff, it did not issue Plaintiff wages or W2s based on Plaintiff's performance pursuant to that agreement – Defendant Globus Medical North America Inc. did.

48. Hereinafter, Defendants Globus Medical Inc. and Globus Medical North America Inc. are collectively referred to as "Globus Medical," which is how they refer to themselves on their website.

49. Globus Medical is a leading musculoskeletal medical device manufacturer that has thousands of employees marketing its medical devices across the world.

50. Plaintiff is a Muslim, born in Pakistan, with black hair, dark eyes, brown skin, and a sales background targeted on medical robotic, navigation, and imaging systems.

51. In 2021, Globus Medical recruited Plaintiff for employment.

52. In April 2021, Globus Medical hired Plaintiff, and Plaintiff began his employment with Globus Medical as a Regional Sales Manager ("RSM").

53. For about the first year-and-a-half of Plaintiff's employment, Plaintiff was assigned another RSM with more experience in the company to act as his mentor.

54. The mentor was supposed to assist in developing Plaintiff's career, have Plaintiff accompany him on client contacts called "*ride alongs*," and provide Plaintiff constructive feedback.

55. Defendant Powell was assigned to Plaintiff as Plaintiff's mentor.

56. In that role, Powell showed little interest in Plaintiff's professional development.

57. Powell would not conduct in-person "*ride-alongs*" with Plaintiff to meet clients even though that was a part of Powell's duties.

58. In the summer or fall of 2022, the employee who recruited Plaintiff, and had been acting as Plaintiff's supervisor, left the company.

59. In September 2022, Martin and Miele agree to promote Powell to the Zone Director position, and Powell became Plaintiff's direct supervisor.

60. When Powell assumed the Zone Director position, Powell held a meeting with his subordinate RSMs that included Plaintiff.

61. Plaintiff was the only Pakistani Muslim in the meeting; all the other RSMs were, like Powell, white, male Christians born in the U.S.

62. During the meeting, Powell spoke about his "unemphatic" leadership style by recounting how little concern he felt upon hearing that middle eastern terrorists had crashed a plane into the pentagon where his father worked.

63. In about September 2022, a coworker told Plaintiff that Martin described Plaintiff's appearance as that of a middle eastern terrorist saying that Plaintiff looked like he was from an Al Qaeda training camp.

64. After becoming Zone Director and Plaintiff's direct supervisor, Powell continued to show no interest in Plaintiff's professional development other than being critical of Plaintiff.

65. Powell told Plaintiff other employees complained about Plaintiff, but when Plaintiff spoke to those employees, they said they had not.

66. Powell would conduct in-person *"ride-alongs"* with his other white, U.S. born, Christian RSMs, but would not do the same with Plaintiff.

67. During the holidays, Powell told Plaintiff, "Merry Christmas…or whatever it is you celebrate."

68. On about January 3, 2023, Powell and Miele told Plaintiff that they were starting the "separation process," but that Plaintiff could work until the end of January 2023 so that Plaintiff could close out his existing accounts, get his commissions, and then resign or be fired.

69. On about January 3, 2023, Powell and Miele told Plaintiff that they were starting the "separation process" and claims they made the decision based on Plaintiff's performance.

70. On about January 3, when Powell and Miele told Plaintiff he could resign at the end of January 2023 or be fired, Plaintiff asked why they made this decision, and Powell and Miele cited examples of supposed performance issues that were inaccurate and a pretext for discrimination.

71. From January 10-12, 2023, Plaintiff told Globus Medical's human resources employee that he believed Powell and Miele were discriminating against Plaintiff based on his race, color, national origin, and religion.

72. On January 18, 2023, Globus Medical's human resources employee told Plaintiff that he shared Plaintiff's discrimination complaints against Powell and Miele with Powell and Miele, and that, in direct response, Powell and Miele decided to fire Plaintiff immediately.

73. On January 18, 2023, Globus Medical discharged Plaintiff.

74. After Globus Medical discharged Plaintiff, Plaintiff asked Globus Medical to reimburse him the business expenses he incurred to its benefit and to pay him the full amount of the commissions Plaintiff earned.

75. After firing Plaintiff on January 18, 2023, Globus Medical refused to pay Plaintiff the full amount of the commissions Plaintiff earned, delayed in paying Plaintiff a portion of the commissions he earned, refused to reimburse Plaintiff the expenses he incurred to Globus Medical's benefit, and did not offer Plaintiff a separation package to provide Plaintiff income continuity while Plaintiff searched for replacement employment.

76. Upon information and belief, with respect to RSMs who are white, U.S. born, Christians, or had not made complaints of discrimination, Globus Medical paid the full amount of the commissions they earned, did not delay in paying commissions as it did with Plaintiff, did not refuse to reimburse them the business expenses they incurred to Globus Medical's benefit, and offered them a separation package upon the termination of employment.

## ADMINISTRATIVE PROCEEDINGS

77. On February 17, 2023, Plaintiff filed a Charge of Discrimination with the Missouri Commission on Human Rights ("MCHR") and the EEOC. A copy is attached as **Exhibit A** and is incorporated herein by reference.

78. Defendant received notice of Plaintiff's charge and responded by providing the MCHR a position statement and documents.

79. On August 18, 2023, the MCHR issued Plaintiff a *Notice of Right to Sue*. A copy is attached as **Exhibit B** and is incorporated herein by reference.

80. On August 22, 2023, the EEOC issued Plaintiff a *Notice of Right to Sue*. A copy is attached as **Exhibit C** and is incorporated herein by reference.

81. Plaintiff's Complaint was filed within 90 days of August 18, 2023, and within two years of the discrimination alleged herein.

**COUNT I**
**THE MISSOURI HUMAN RIGHTS ACT**
**Discrimination in Violation of RSMo § 213.055**
**(Against Globus Medical)**

82. Plaintiff incorporates by reference the allegations in every other paragraph.

83. Plaintiff is a brown skinned, Pakistani, Muslim.

84. During his employment, Globus Medical did not provide Plaintiff the support it provided other white, U.S. born, Christians in Plaintiff's position.

85. On about January 3, 2023, Globus Medical told Plaintiff that if he did not resign his employment at the end of January, Globus Medical would fire him.

86. On about January 3, 2023, Globus Medical gave Plaintiff a false basis for its decision to "separate" Plaintiff from his employment.

87. On January 18, 2023, Globus Medical discharged Plaintiff.

88. Plaintiff's race, color, national origin, and/or religion actually played a role in and had a determinative influence on such actions.

89. Globus Medical's conduct directly caused Plaintiff damage including distress, humiliation, frustration, anxiety, disappointment and self-doubt, economic loss, and the deprivation of his civil rights.

90. Globus Medical is a sophisticated employer, with thousands of employees, that operates worldwide. When Defendant unlawfully discriminated against Plaintiff, it knew better but did it anyway.

91. Globus Medical's conduct toward Plaintiff was outrageous because of its evil motive or reckless indifference to the rights of others. Accordingly, Globus Medical is liable for punitive damages.

WHEREFORE, Plaintiff prays for a judgment against Globus Medical, finding it liable under Count I, and awarding Plaintiff actual and punitive damages in an amount that is fair and reasonable, costs, fees, expenses, interest, reinstatement, and all other relief the Court may grant.

## COUNT II
### THE MISSOURI HUMAN RIGHTS ACT
### Retaliation in Violation of RSMo § 213.070.1(2)
### (Against Globus Medical)

92. Plaintiff incorporates the facts alleged in every other paragraph.

93. Plaintiff opposed what he reasonably believed to be unlawful discrimination by making good faith complaints of discrimination with Globus Medical.

94. Globus Medical discharged Plaintiff on January 18, 2023.

95. Globus Medical did not pay Plaintiff the full amount of the commissions he earned, delayed in paying Plaintiff a portion of commissions he earned, refused to reimburse Plaintiff for the expenses he incurred to its benefit, and did not offer Plaintiff a separation package to provide Plaintiff income continuity while Plaintiff searched for replacement employment.

96. Plaintiff's complaints of discrimination actually played a role in and had a determinative influence on such actions.

97. Globus Medical's conduct directly caused damage to Plaintiff including distress, humiliation, frustration, anxiety, disappointment and self-doubt, economic loss, and the deprivation of his civil rights.

98. Globus Medical is a sophisticated employer, with thousands of employees, that operates worldwide. When Defendant unlawfully retaliated against Plaintiff, it knew better but did it anyway.

99. Globus Medical's conduct toward Plaintiff was outrageous because of its evil motive or reckless indifference to the rights of others. Accordingly, Globus Medical is liable for punitive damages.

WHEREFORE, Plaintiff prays for a judgment against Globus Medical, finding it liable under Count II, and awarding Plaintiff actual and punitive damages in an amount that is fair and reasonable, costs, fees, expenses, interest, reinstatement, and all other relief the Court may grant.

## COUNT III
### TITLE VII
### Discrimination in Violation of 42 USC § 2000e-2
### (Against Globus Medical)

100. Plaintiff incorporates by reference the allegations in every other paragraph.

101. Plaintiff is a member of a protected class.

102. Plaintiff met Globus Medical's legitimate job expectations.

103. Globus Medical did not provide Plaintiff the support it provided other white, U.S. born, Christians in Plaintiff's position.

104. On about January 3, 2023, Globus Medical told Plaintiff that if he did not resign his employment at the end of January, Globus Medical would fire him.

105. On about January 3, 2023, Globus Medical gave Plaintiff a false basis for its decision to "separate" Plaintiff from his employment.

106. On January 18, 2023, Globus Medical discharged Plaintiff.

107. Globus Medical took such actions against Plaintiff because of his protected status.

108. Similarly situated employees outside of Plaintiff's protected class were treated differently.

109. Globus Medical's conduct directly caused Plaintiff damage including distress, humiliation, frustration, anxiety, disappointment and self-doubt, economic loss, and the deprivation of his civil rights.

110. Globus Medical's conduct toward Plaintiff was outrageous because of its evil motive or reckless indifference to the rights of others. Accordingly, Globus Medical is liable for punitive damages.

WHEREFORE, Plaintiff prays for a judgment against Globus Medical, finding it liable under Count III, and awarding Plaintiff actual and punitive damages in an amount that is fair and reasonable, costs, fees, expenses, interest, reinstatement, and all other relief the Court may grant.

## COUNT IV
### TITLE VII
**Retaliation in Violation of 42 USC § 2000e-3(a)**
**(Against Globus Medical)**

111. Plaintiff incorporates the facts alleged in every other paragraph.

112. Plaintiff opposed what he reasonably believed to be unlawful discrimination by making good faith complaints of discrimination with Globus Medical.

113. Globus Medical discharged Plaintiff on January 18, 2023.

114. Globus Medical did not pay Plaintiff the full amount of the commissions he earned, delayed in paying Plaintiff a portion of commissions he earned, refused to reimburse Plaintiff for the expenses he incurred to its benefit, and did not offer Plaintiff a separation package to provide Plaintiff income continuity while Plaintiff searched for replacement employment.

115. Globus Medical took such actions against Plaintiff because Plaintiff opposed unlawful discrimination.

116. Globus Medical's conduct directly caused damage to Plaintiff including distress, humiliation, frustration, anxiety, disappointment and self-doubt, economic loss, and the deprivation of his civil rights.

117. Globus Medical's conduct toward Plaintiff was outrageous because of its evil motive or reckless indifference to the rights of others. Accordingly, Globus Medical is liable for punitive damages.

WHEREFORE, Plaintiff prays for a judgment against Globus Medical, finding it liable under Count IV, and awarding Plaintiff actual and punitive damages in an amount that is fair and reasonable, costs, fees, expenses, interest, reinstatement, and all other relief the Court may grant.

## COUNT V
## SECTION 1981
### Discrimination in Violation of 42 USC § 1981
### (Against All Defendants)

118. Plaintiff incorporates by reference the allegations in every other paragraph.

119. Plaintiff is a member of a protected class.

120. Plaintiff met Globus Medical's legitimate job expectations.

121. Globus Medical, Martin, Miele, and Powell did not provide Plaintiff the support it provided other white, U.S. born, Christians in Plaintiff's position.

122. On about January 3, 2023, Globus Medical told Plaintiff that if he did not resign his employment at the end of January, Globus Medical would fire him. The individuals responsible for this decision were Martin, Miele, and Powell.

123. On about January 3, 2023, Globus Medical, through Miele and Powell, gave Plaintiff a false basis for its decision to "separate" Plaintiff from his employment.

124. On January 18, 2023, Globus Medical discharged Plaintiff.

125. The individuals who made the decision to discharge Plaintiff were Martin, Miele, and Powell.

126. Defendants took such actions against Plaintiff because of his protected status.

127. Similarly situated employees outside of Plaintiff's protected class were treated differently.

128. Defendants' conduct directly caused Plaintiff damage including distress, humiliation, frustration, anxiety, disappointment and self-doubt, economic loss, and the deprivation of his civil rights.

129. Defendants' conduct toward Plaintiff was outrageous because of its evil motive or reckless indifference to the rights of others. Accordingly, Defendants are liable for punitive damages.

WHEREFORE, Plaintiff prays for a judgment against Defendants, finding each liable under Count V, and awarding Plaintiff actual and punitive damages in an amount that is fair and reasonable, costs, fees, expenses, interest, reinstatement, and all other relief the Court may grant.

## COUNT VI
### SECTION 1981
### Retaliation in Violation of 42 USC § 1981
### (Against All Defendants)

130. Plaintiff incorporates the facts alleged in every other paragraph.

131. Plaintiff opposed what he reasonably believed to be unlawful discrimination by making good faith complaints of discrimination with Globus Medical.

132. Globus Medical discharged Plaintiff on January 18, 2023.

133. The individuals who fired Plaintiff were Martin, Miele, and Powell.

134. Globus Medical did not pay Plaintiff the full amount of the commissions he earned, delayed in paying Plaintiff a portion of commissions he earned, refused to reimburse Plaintiff for the expenses he incurred to its benefit, and did not offer Plaintiff a separation package to provide Plaintiff income continuity while Plaintiff searched for replacement employment.

135. Upon information and belief, Martin, Miele, and Powell were responsible for these actions or purposefully chose not to remedy the situation when they could have.

136. Defendants took such actions against Plaintiff because Plaintiff opposed unlawful discrimination.

137. Defendants' conduct directly caused damage to Plaintiff including distress, humiliation, frustration, anxiety, disappointment and self-doubt, economic loss, and the deprivation of his civil rights.

138. Defendants' conduct toward Plaintiff was outrageous because of its evil motive or reckless indifference to the rights of others. Accordingly, Globus Medical is liable for punitive damages.

WHEREFORE, Plaintiff prays for a judgment against Defendants, finding each liable under Count VI, and awarding Plaintiff actual and punitive damages in an amount that is fair and reasonable, costs, fees, expenses, interest, reinstatement, and all other relief the Court may grant.

## COUNT VII
### FAILURE TO PAY COMMISSIONS
### Violation of RSMo §§ 407.911
### (Against Globus Medical)

139. Globus Medical is a corporation that manufactures, produces, provides, or distributes a product for sale.

140. Globus Medical contracts with sales representatives, Regional Sales Managers like Plaintiff, to solicit orders for its products.

15

141. Globus Medical contracted with Plaintiff to solicit orders for its products.

142. Globus Medical agreed to compensate Plaintiff for his work as a Regional Sales Manager in part by paying him a commission expressed as a percentage of the dollar amount of orders or sales Plaintiff made.

143. Globus Medical agreed to pay Plaintiff 12% of all his annual sales Plaintiff where the total amount of those sales was under $4,000,000.00.

144. Globus Medical agreed to pay Plaintiff 14% of all his annual sales Plaintiff if the total amount of those sales exceeded $4,000,000.00.

145. Globus Medical failed to pay or timely pay Plaintiff the commissions he earned as agreed.

146. As a result, Plaintiff suffered damages including economic loss.

WHEREFORE, Plaintiff prays for a judgment against Globus Medical, finding it liable under Count VII, and awarding Plaintiff actual damages, an additional amount annualized on a pro rata basis from date of Plaintiff's discharge, reasonable attorney's fees, costs, and all other relief the Court may grant.

**RALSTON KINNEY, LLC**

/s/ *Thomas F. Ralston*
Thomas F. Ralston – MO #61052
Kenneth D. Kinney – MO #67435
4717 Grand Avenue, Suite 300
Kansas City, MO 64112
TEL: (816) 298-0086
FAX: (816) 298-9455
tom@rklawllc.com
ken@rklawllc.com

**ATTORNEYS FOR PLAINTIFF**